# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Douglas L. Stolipher,**
**Plaintiff Below, Petitioner**

**vs) No. 15-0862** (Jefferson County 14-C-367)

**Estate of Charles A. Rocheleau, deceased**
**by Charles A. Belisle, Executor**
**Defendant Below, Respondent**

**FILED**

**September 2, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Douglas L. Stolipher, by counsel Joseph L. Caltrider, appeals the August 5, 2015, order of the Circuit Court of Jefferson County that granted Respondent Estate of Charles A. Rocheleau, deceased, by Executor Charles A. Belisle's motion for summary judgment in petitioner's action for permissive waste and breach of deed covenant. Petitioner claims that respondent's decedent failed to maintain a farmhouse on real property petitioner purchased subject to decedent's life estate in the farmhouse. Respondent, by counsel William Richard McCune, Jr. and Alex A. Tsiatsos, responded in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Circa 1960, Charles A. Rocheleau (the "decedent") purchased a 160-acre parcel of land in Jefferson County known as the Straithmore Farm (the "farm"), which included a farmhouse built in the 1800s. In August of 2006, Petitioner purchased the farm in "as is" condition from decedent for $1,000,000, subject to decedent's life estate in the farmhouse and five surrounding acres. The resulting August 2, 2006, deed (the "2006 deed") provides as follows: "[Decedent], while residing in the [farmhouse], may, for his necessity or convenience, repair, improve, or alter the farmhouse's . . . interior or exterior and will keep [petitioner] informed of said improvement." The deed also provides that [decedent] "shall bear all costs of the [farmhouse] and surrounding area, including but not limited to . . . repair and maintenance."

Decedent died in January of 2014. Thereafter, in April of 2014, respondent handed over the property to petitioner pursuant to the terms of the 2006 deed. In June of 2014, petitioner had the farmhouse inspected by David L. Brittingham (the "inspector"), who petitioner claims is a specialist in the restoration of historic buildings. In his report, the inspector found "significant deterioration in the [farmhouse] which could have been avoided with proper maintenance" and that the deterioration went "beyond normal aging and use." Petitioner claims that the inspector

1

observed peeling paint and plaster, rotten wood, cracked or broken windows, water damage and leaks, deteriorating and/or missing masonry, and significant mold buildup. The inspector set the cost of repairing the damage at $80,620.

On October 22, 2014, petitioner filed the instant action against respondent for permissive waste and breach of deed covenant. Discovery ensued and the parties agreed to a resolution by bench trial scheduled for July 28, 2015. However, on June 15, 2015, respondent filed a motion for summary judgment in which respondent argued that petitioner "failed to establish the condition of the premises at the beginning of the period of scrutiny [in 2006]" and, therefore, "has no[] ability to measure any waste during [decedent's] life estate." Attached to respondent's motion were the following: (1) a copy of the 2006 deed; (2) a copy of petitioner's discovery responses which included three photographs of the outside of the farmhouse taken in 2011; (3) an affidavit which listed repairs and/or improvements[1] decedent made to the farmhouse between 2006 and 2014; and (4) 200 photographs of the inside and the outside of the farmhouse.

On July 2, 2015, petitioner filed a response in opposition to respondent's motion for summary judgment, attached to which was the affidavit of petitioner's inspector.

On July 20, 2015, the circuit court held a hearing on respondent's motion for summary judgment. At that hearing, respondent argued (1) that petitioner could not establish the condition of the farmhouse in 2006, and (2) that respondent's repair/improvements affidavit and the 200 photographs proved that decedent committed no permissive waste of the farmhouse between August of 2006 and April of 2014. Petitioner objected to the circuit court's consideration of the 200 photographs on the ground that they were unsupported by affidavit or deposition testimony.

By order entered August 5, 2015, the circuit court granted respondent's motion for summary judgment on the following grounds:

> [Petitioner] has not provided a base for [respondent's] alleged waste.
>
> Nothing in [petitioner's] evidence or arguments shows the state of the property at the time of [petitioner's August of 2006] purchase despite [petitioner's] claims that he regularly visited the property.
>
> [Petitioner] has not provided any evidence that [decedent] willfully destroyed or failed to maintain the residential structure. [Respondent] has provided evidence that maintenance and repairs were made to the property during

---

[1] The affidavit provided that, between August of 2006 and decedent's death in January of 2014, decedent (1) installed a new furnace, air conditioner, water heater, gutters and downspouts, and new bathroom fixtures; (2) rebuilt the porch; (3) repainted the woodwork on the front of the house; (4) trimmed the trees lining the driveway to the farmhouse; (5) "cleaned up" the outside landscape; (6) hired a mason to touch up seams and brick on the farmhouse; (7) repaired a leak in the upstairs bathroom and replaced the drywall that had been damaged by the leak; and (8) replaced the kitchen sink and cabinet.

[decedent's] life estate therefore exercising ordinary care for the preservation and protection of the property.

Petitioner now appeals the August 5, 2015, order. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 190, 451 S.E.2d 755, 756 (1994). Furthermore,

> [s]ummary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 56, 459 S.E.2d 329, 333 (1995).

Petitioner raises four assignments of error on appeal. Petitioner first argues that the circuit court erred by granting respondent's motion for summary judgment where respondent did not properly support that motion. Specifically, petitioner claims that the circuit court wrongfully relied upon respondent's 200 unauthenticated photographs of the farmhouse in rendering its decision.

"A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment." Syl. Pt. 6, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W.Va. 160, 161, 133 S.E.2d 770, 772 (1963). This Court has also said that,

> [t]he movant's burden is "only [to] point to the absence of evidence supporting the nonmoving party's case." If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant, however, does make this showing, the nonmovant must go beyond the pleadings and contradict the showing by pointing to specific facts demonstrating a "trialworthy" issue. To meet this burden, the nonmovant must identify specific facts in the record and articulate the precise manner in which that evidence supports its claims. As to material facts on which the nonmovant will bear the burden at trial, the nonmovant must come forward with evidence which will be sufficient to enable it to survive a motion for directed verdict at trial. If the nonmoving party fails to meet this burden, the motion for summary judgment *must* be granted.

*Powderidge Unit Owners Ass'n v. Highland Prop., Ltd.*, 196 W.Va. 692, 699, 474 S.E.2d 872, 879 (1996). In other words, "the nonmoving party must show there will be enough competent evidence available at trial to enable a finding favorable to the nonmoving party." *Precision Coil, Inc.*, 194 W.Va. at 60-61, 459 S.E.2d at 337-38 (citation omitted). Accordingly, "'[u]nsupported speculation is not sufficient to defeat a summary judgment motion." *Id.* (Citation omitted.) Further, although the "nonmoving party is entitled to the most favorable inferences that may reasonably be drawn from the [] evidence," the nonmoving party cannot create a genuine issue of

material fact through "mere speculation or the building of one inference upon another." *Id*. at 61 n.14, 459 S.E.2d at 338 n.14 (citations omitted).

Here, respondent carried its burden of proof by entering evidence showing that decedent had both repaired and improved the farmhouse during decedent's life tenancy, and by pointing to the absence of evidence supporting petitioner's case. Consequently, the burden of proof switched to petitioner to show the existence of a genuine issue of material fact in support of his claim of waste. However, as the circuit court correctly found, "nothing in [petitioner's] evidence or arguments shows the state of the property [in 2006]." Instead, the only evidence petitioner presented to the court was his inspector's 2014 report. However, that report did not show the condition of the farmhouse between August of 2006 and April of 2014, or prove that the deterioration noted by the inspector had not already occurred as of August of 2006. Accordingly, the circuit court correctly found that petitioner's case was simply too speculative to prove that decedent permissively committed waste during the relevant time period. Therefore, the circuit court properly granted summary judgment in favor of respondent due to petitioner's failure to raise any genuine issue of material fact.

Petitioner also argues that, in rendering its decision, the circuit court improperly relied upon the 200 unauthenticated photographs submitted with respondent's motion for summary judgment. The transcript of the hearing in this matter reveals that the circuit court did review the 200 photographs and referred to some of them during the hearing. However, the photographs are specifically mentioned only once in the order on appeal, as follows: "In April 2014, [respondent] turned possession of the residential structure over to [petitioner] in a 'broom clean' manner as evidence[d] by the photographs submitted by [respondent]." This finding is not relevant to the basis of the circuit court's award of summary judgment to respondent: that petitioner's case was unsupported by the evidence and, therefore, raised no genuine issue of material fact. Likewise, any of the circuit court's other findings that could potentially be attributed to the court's review of the photographs also are not relevant to the court's decision in this matter. Thus, we cannot say that the circuit court committed error in this regard.

Petitioner next argues that the circuit court erred where the order on appeal includes "very few" findings of fact and where some of those findings are not supported by the evidence. Having carefully and fully reviewed the circuit court's order and the record on appeal, we reject petitioner's assertion that the circuit court made insufficient findings to support its ultimate conclusion that petitioner's case was too speculative to survive a motion for summary judgment. Furthermore, we find that the circuit court made sufficient findings and conclusions to permit meaningful appellate review in this case. *See* Syl. Pt. 3, *Fayette Cnty. Nat. Bank v. Lilly*, 199 W.Va. 349, 350, 484 S.E.2d 232, 233 (1997), overruled on other grounds by *Sostaric v. Marshall*, 234 W.Va. 449, 766 S.E.2d 396 (2014) (stating that an order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review). As for petitioner's claim that some of the circuit court's findings were not supported by the evidence, we find that the circuit court's reason for granting summary judgment—that petitioner's case was too speculative to raise a genuine issue of material fact—was clearly supported by the evidence in this case. Hence, we find no error regarding the number or accuracy of the circuit court's findings.

Petitioner's third assignment of error is that genuine issues of material fact existed which the court should have considered after hearing all the evidence at trial. We have said, "[a] party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment." Syl. Pt. 6, *Aetna Cas. & Sur. Co*. 148 W.Va. at 161, 133 S.E.2d at 772. However, in this case, no genuine issues of material fact remained for trial because there was no dispute as to the speculative nature of petitioner's case. Accordingly, we find no error.

Petitioner's fourth and final assignment of error is that the circuit court erred in failing to recognize the covenant in the 2006 deed which provided that decedent "shall bear all of the costs of the homestead and the surrounding area, including but not limited to . . . repair and maintenance." Petitioner claims that this covenant created a higher standard of care and maintenance for the farmhouse during decedent's life estate. Petitioner further asserts that, by refusing to recognize the covenant, the circuit court rendered it a nullity and denied petitioner the benefit of his bargain. This assignment of error fails for the same reason that petitioner's other assignments of error fail, that is, even if decedent was subject to a higher standard of care, petitioner could not prove decedent did not meet that higher standard because petitioner did not establish a baseline regarding the condition of the house when he purchased it in 2006. As such, we find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 2, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II